OPINION
{¶ 1} This is an appeal from a denial of unemployment compensation by Appellee which was affirmed by the Richland County Common Pleas Court.
 {¶ 2} The appeal is apparently founded upon Appellant's claim that the trial court erroneously determined that substantial, reliable evidence supported the Appellee's decision as no specific assignment of error has been stated.
 {¶ 3} The Richland County Common Pleas Court filed its Judgment Entry of Affirmation on December 3, 2002.
 {¶ 4} The Appellant's Notice of Appeal was not filed until January 9, 2003.
 {¶ 5} However, this Court previously granted leave to file based upon non-notification, and determined that the appeal was timely.
 {¶ 6} The oral hearing of this appeal was set for November 20, 2003. On November 17, 2003, Appellant filed a second request for continuation of the oral hearing. Such request was denied and Appellant failed to appear at such hearing and this court has deemed Appellant has submitted it on brief.
 STATEMENT OF FACTS {¶ 7} Appellant was employed as a flower designer and manager at Eden Floral Gifts which was owned by Victoria Curtis.
 {¶ 8} Appellant's son required serious surgery on January 24, 2001.
 {¶ 9} The employer adjusted Appellant's work time thereafter to accommodate medical and other appointments.
 {¶ 10} Ms. Curtis subsequently reduced Appellant's work hours on March 13, 2001, due, according to such employer, to frequent additional absences affecting business and requiring another floral designer to be hired.
 {¶ 11} The employer states that Appellant left without permission after the work reduction on such date.
 {¶ 12} Appellant asserts other reasons, personal to Ms. Curtis, which resulted in termination in retaliation and that she left work due to medical necessity because of her son's condition. Oral hearings were held on October 11, 2001, and on March 18, 2002.
 {¶ 13} In Tzangas, Plakas Mannos v. OhioBur. of Emp. Serv.
(1995), 73 Ohio St.3d 694, the Ohio Supreme Court set forth the standard of review for appellate courts with regard to unemployment compensation administrative appeals. According to that decision, an appellate court may reverse a board decision only if it is unlawful, unreasonable or against the manifest weight of the evidence.
 {¶ 14} To be eligible for unemployment compensation benefits in Ohio, claimants must satisfy the criteria set forth in R.C.4141.29(D)(2)(a). That section provides:
 {¶ 15} (D) * * * * [No] individual may * * * be paid benefits * * *:
 {¶ 16} * * * *
 {¶ 17} (2) For the duration of his unemployment if the administrator finds that
 {¶ 18} (a) He quit his work without just cause or has been discharged for just cause in connection with his work * * *.
 {¶ 19} The Ohio Supreme Court has defined "just cause" as "that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." See: Irvine v. Unemp. Comp. Bd. ofReview (1985), 19 Ohio St.3d 15, 17; Tzangas, supra. In discussing the concept of just cause, the Court noted that fault on the part of the employee is an essential factor of a just cause termination. Irvine,supra, at 17. If an employer has been reasonable in finding fault on behalf of an employee, then the employer may terminate the employee with just cause. Tzangas, supra, at 698.
 {¶ 20} The decision of the Hearing Officer after the October 11, 2001, hearing was:
 {¶ 21} "A preponderance of the evidence demonstrates that claimant quit employment because of a reduction in her scheduled hours. There has been no showing that claimant had a contractual right to a certain number of hours per week. The employer was free to schedule employees as it deemed appropriate. Claimant had other options besides quitting. She could have worked the assigned hours while seeking other employment. She could have worked the hours made available to her, and if she earned less than her weekly benefit amount, filed a claim for partial unemployment compensation benefits. Consequently, the Hearing Officer concludes that claimant quit employment with Eden Floral Gifts without just cause.
 {¶ 22} "Claimant contends that she was discharged because of poor attendance. The employer testified that claimant voluntarily quit because of a reduction in her assigned hours. The evidence is in direct conflict on this point. Upon a thorough review of the record, the Hearing Officer concludes that claimant voluntarily quit employment.
 {¶ 23} "Claimant further contends that the employer discharged her because claimant refused to lie for the employer. The employer testified that claimant voluntarily quit because of dissatisfaction with her working hours. Again, the evidence is in direct conflict on this point. Upon a thorough review of the record, the Hearing Officer concludes that the employer has provided the more credible evidence on this point and claimant voluntarily quit. She was not discharged."
 {¶ 24} Upon appeal, another hearing was held on March 18, 2002, and the same conclusions were reached.
 {¶ 25} After a complete examination of the transcript of both hearings and the documentation, we agree with Judge James DeWeese that competent, credible evidence was presented in support of Appellee's decision and that we are required to affirm such decision as it is not unlawful, unreasonable or against the manifest weight of the evidence.
 {¶ 26} Judge DeWeese concluded in his opinion, the hearing officers are best able to judge the credibility of the witnesses as fact finders.Hall V. American Brake Shoe Co. (1968), 13 Ohio St.2d 11,Brown-Brockmeyer Co. v. Roach, (1947), 148 Ohio St. 511.
 {¶ 27} This cause is affirmed.
Hoffman, P.J. and Wise, J. concur.