[Cite as *DeMattio v. Ohio Dept. of Job & Family Servs.*, 2011-Ohio-4901.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| TRACEY A. DEMATTIO | : | Sheila G. Farmer, P.J. |
| | : | Julie A. Edwards, J. |
| Plaintiff-Appellant | : | Patricia A. Delaney, J. |
| | : | |
| -vs- | : | Case No. 11AP010004 |
| | : | |
| | : | |
| DIRECTOR, OHIO DEPARTMENT, | : | O P I N I O N |
| OF JOB & FAMILY SERVICES, et al., | | |
| | | |
| Defendants-Appellees | | |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from Tuscarawas County Court of Common Pleas Case No. 2010AA040451 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | September 21, 2011 |
| APPEARANCES: | |

For Plaintiff-Appellant

SHAWN P. LINDSAY
Connolly, Hillyer, Lindsay &
Ong, Inc.
201 N. Main Street, P.O. Box 272
Uhrichsville, Ohio  44683

For Defendants-Appellees

SUSAN M. SHEFFIELD
Assistant Attorney General
20 West Federal Street
Third Floor
Youngstown, Ohio  44503

*Edwards, J.*

{¶1} Plaintiff-appellant, Tracey Demattio, appeals from the December 15, 2010, Judgment Entry of the Tuscarawas County Court of Common Pleas affirming the decision of the Unemployment Compensation Review Commission finding that plaintiff-appellant was discharged for just cause.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2} Starting in May of 2005, appellant was employed by Healthcare Solutions, a medical oxygen and medical equipment company, as a salaried sales representative. Appellant worked out of both the Dover and Canton offices.

{¶3} Tamara Bryan, the center manager at Healthcare Solutions in Dover, testified that on Friday afternoons, all company sales representatives were required to enter their sales calls for the week into a computer and to submit their reports to their manager upon completion on Friday afternoons. The system was in place to track sales. Bryan testified that, for July 8, 2009, appellant submitted a request to be reimbursed for 122 miles indicating that she had been conducting sales and/or marketing activities in four cities that day. Bryan testified that appellant did not enter any sales calls into the computer for that day. She further testified that, for July 9, 2009, appellant submitted 146 miles for reimbursement indicating that she was conducting sales and marketing activities in five cities, but that appellant did not record any sales calls in the computer for that date.

{¶4} On or about August 13, 2009, Bryan sent a letter to appellant terminating her for falsifying expense reports, specifically mileage records. Bryan, in such letter, indicated that the information that appellant had entered into the sales tracking system

(STS) did not correspond with her expense reimbursement reports (mileage) for the above periods. Bryan further indicated in such letter that, when appellant was confronted with such information, "the only explanation you provide was that you had not yet completed your STS for July; however, when I asked you on Friday, August 7, 2009 if your STS for July was complete, you responded that it was."  The letter indicated that appellant was being terminated for violating infraction #23 "Falsification of expense reports and/or cashing or depositing a company expense reimbursement issued based on a false expense report."

{¶5}  Appellant applied for unemployment compensation benefits with the Ohio Department of Job and Family Services. Pursuant to a determination filed on September 9, 2009, appellant's application was denied based on the finding that appellant had been terminated with just cause for falsifying an expense report and, by doing so, violating a company rule.  Appellant appealed such decision to the Unemployment Compensation Review Commission and a telephone hearing was held on February 16, 2010. During the hearing, appellant denied she falsely claimed mileage for sales calls that she did not complete. She testified that at times she did not enter her STS into the computer on Fridays because the computer was being used by other people during her allotted time. She testified that she was not given access to the computer during her designated time in July.

{¶6}  The following is an excerpt from appellant's testimony on cross-examination:

{¶7}  "Q. Why the earlier part of the month wasn't entered if there was time to enter the other days of the month?

{¶8} "A. Uh on July 10th I returned back to the center at approximately 4 o'clock.

{¶9} "Hearing officer: Let me stop you there.

{¶10} "Ms. Demattio: Okay.

{¶11} "Hearing officer: I think the question is if you were able to enter information for the balance of the month of July why according to the employer's records, aren't there, isn't there anything for July 9th?

{¶12} "CROSS EXAMINATION OF MS. TRACEY DEMATTIO BY MS. TAMARA BRYAN.

{¶13} "A. Because I was not given my full allotted time to enter the information.

{¶14} "Hearing officer: but weren't you able to get things for the rest of the month?

{¶15} "CROSS EXAMINATION OF MS. TRACEY DEMATTIO BY MS. TAMARA BRYAN.

{¶16} "A. Sporadically yes I was able to get caught up?

{¶17} "Hearing officer: Well why did you miss those two days is I guess the question that needs to be answered.   (Inaudible) the rest of the month caught up.

{¶18} "CROSS EXAMINATION OF MS. TRACEY DEMATTIO BY MS. TAMARA BRYAN.

{¶19} "A. Those are just two days that just didn't get inputted into the computer, that's all.   One of those days I did do a lunch I was reimbursed for that lunch." Transcript at 13-14.

**{¶20}** As memorialized in a Decision issued on or about February 17, 2010, the hearing officer affirmed the decision that appellant had been terminated for just cause. The hearing officer, in his Decision, stated, in relevant part, as follows:

**{¶21}** "ODJFS [Ohio Department of Job and Family Services] issued an initial determination in this case on September 9, 2009. The file from ODJFS was certified as a complete and accurate record of the file maintained by ODJFS. There is no documentation in the file as certified by ODJFS from the employer's representative. Nothing was received from Thomas & Thorngren, Inc. until Misty Neal faxed documentation on the employer's behalf to the Commission on President's Day, a National holiday, and the day prior to the hearing. Since Thomas & Thorngren did not submit documentation on their client's behalf in accordance with Commission rules, the documentation was not considered or made a part of the record.

**{¶22}** "While the employer's representative failed to submit the appropriate documentation in time for the hearing, the claimant's explanation as to why she was able to complete the appropriate paperwork, for the balance of July, 2009 but failed to upgrade the employer's sales tracking system for July 8, and July 9, 2009 when she claimed mileage, is not credible. Even if the Hearing Officer was to accept that there were times that she was not able to access the system, it does not adequately explain why she was able to complete the necessary paperwork for dates after July 8, and July 9, 2009."

**{¶23}** Appellant appealed the hearing officer's Decision and, pursuant to a Decision mailed on March 10, 2010, her request for review was disallowed.

{¶24} Appellant then filed an administrative appeal with the Tuscarawas County Court of Common Pleas. Pursuant to a Judgment Entry filed on December 15, 2010, the trial court affirmed the decision of the Unemployment Compensation Review Commission finding that appellant was discharged for just cause.

{¶25} Appellant now raises the following assignment of error on appeal:

{¶26} "THE TRIAL COURT ERRED BY AFFIRMING THE UNEMPLOYMENT COMPENSATION REVIEW COMMISSION'S DECISION THAT WAS UNLAWFUL, UNREASONABLE, AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I

{¶27} Appellant, in her sole assignment of error, argues that the trial court erred by affirming the decision of the Unemployment Compensation Review Commission because the same was unlawful, unreasonable and against the manifest weight of the evidence. We disagree.

{¶28} An appeal of a decision rendered by the Review Commission is governed by R.C. 4141.282(H), which provides, in pertinent part: " * * * If the court finds that the decision is unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission."

{¶29} An appellate court's standard of review in unemployment compensation cases is limited. An appellate court may reverse a board's decision only if the decision is unlawful, unreasonable or against the manifest weight of the evidence. See, *Tzangas, Plakas & Mannos v. Administrator, Ohio Bureau of Employment Services,* 73 Ohio St.3d 694, 696, 1995-Ohio-206, 653 N.E.2d 1207, citing *Irvine v. Unemp. Comp. Bd. Of*

*Review* (1985), 19 Ohio St.3d 15, 17-18, 482 N.E.2d 587. An appellate court may not make factual findings or determine the credibility of the witnesses, but rather, is required to make a determination as to whether the board's decision is supported by evidence on the record. *Id.* The hearing officers are in best position to judge the credibility of the witnesses as the fact finder. *Shaffer-Goggin v. Unemployment Compensation Review Commission,* Richland App. No. 03-CA-2, 2003-Ohio-6907, citing, *Hall v. American Brake Shoe Co.* (1968), 13 Ohio St.2d 11, 233 N.E.2d 582; *Brown-Brockmeyer Co. v. Roach,* (1947), 148 Ohio St. 511, 76 N.E.2d 79.

{¶30}  A reviewing court is not permitted to make factual findings, determine the credibility of witnesses, or substitute its judgment for that of the commission; where the commission might reasonably decide either way, the courts have no authority to upset the commission's decision. *Irvine v. Unemployment Comp. Bd. of Review* (1985), 19 Ohio St.3d 15, 17-18, 482 N.E.2d 587. "'Every reasonable presumption must be made in favor of the [decision] and the findings of facts [of the Review Commission].' " *Ro-Mai Industries, Inc. v. Weinberg,* 176 Ohio App.3d 151, 2008-Ohio-301, 891 N.E.2d 348 at ¶ 7, quoting *Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 19, 526 N.E.2d 1350. "[I]f the evidence is susceptible of more than one construction, we must give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the trial court's verdict and judgment." *Karches,* 38 Ohio St.3d at 19, 526 N.E.2d 1350.

{¶31}  We note a judgment supported by some competent, credible evidence will not be reversed as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.

{¶32} In order to qualify for unemployment compensation benefits, a claimant must satisfy the criteria set forth in R.C. 4141.29(D)(2)(a). That section provides:" * * *

{¶33} "(D) * * * [N]o individual may * * * be paid benefits * * *:

{¶34} "(2) For the duration of the individual's unemployment if the director finds that:

{¶35} "(a) The individual quit his work without just cause or has been discharged for just cause in connection with the individual's work, * * *."

{¶36} The Ohio Supreme Court has defined "just cause" as that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act. *Irvine v. Unemp. Comp. Bd. of Review* (1985), 19 Ohio St.3d 15, 17, 482 N.E.2d 587; *Tzangas* at 697. The determination of whether just cause exists for an employee's dismissal under R.C. 4141.29 is based upon whether there was some fault on the part of the employee that led to the dismissal. *Tzangas,* supra at paragraph two of the syllabus. Furthermore, where an employee demonstrates "'unreasonable disregard for [the] employer's best interests,'"just cause for the employee's termination is said to exist. *Kiikka v. Ohio Bur. of Emp. Servs.* (1985), 21 Ohio App.3d 168, 169, 486 N.E.2d 1233, quoting *Stephens v. Bd. of Rev.,* Cuyahoga App. No. 41369, 1980 WL 355009. See, also, *Binger v. Whirlpool Corp.* (1996), 110 Ohio App.3d 583, 590, 674 N.E.2d 1232.

{¶37} At issue is whether appellant was discharged for just cause. The trial court found that appellant was discharged for just cause in connection with her employment because she falsified business records. As is stated above, testimony was adduced that appellant failed to enter sales calls for July 8, 2009 and July 9, 2009 into the

computer, even though she requested mileage reimbursement for the same. Testimony was adduced that her employer required its sales representatives to enter their sales into the computer on Friday afternoon for the week and that appellant failed to do so for July 8, 2009, and July 9, 2009.  Testimony also was adduced that appellant completed all of the necessary recording for the dates after July 8, 2009 and July 9, 2009. While appellant claimed that she was unable to record her sales calls for such dates on her employer's computer because she was unable to access the computer, the hearing officer clearly found her explanation not credible. As noted by the hearing officer, "[e]ven if the Hearing Officer was to accept that there were times that she was not able to access the system, it does not adequately explain why she was able to complete the necessary paperwork for dates after July 8 and July 9, 2009."

{¶38} Appellant contends that she submitted letters from doctor's offices showing that she made office sales calls on July 8, 2009, and July 9, 2009.  We note that two of these letters are not signed by any individual, but rather are signed "Burner Family Practice" and "Regional Medical Care Inc."  The third letter states that appellant made "many sales calls" to East Holmes Family Care, but did not specify any dates.

{¶39}  Based on the foregoing, we find that the trial court did not err by affirming the decision of the Unemployment Compensation Review Commission. The trial court's decision was not unlawful, unreasonable or against the manifest weight of the evidence.

{¶40}  Appellant's sole assignment of error is, therefore, overruled.

{¶41}  Accordingly, the judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By: Edwards, J.

Farmer, P.J. and

Delaney, J. concur

_____

_____

_____

JUDGES

JAE/d0706

[Cite as *DeMattio v. Ohio Dept. of Job & Family Servs.*, 2011-Ohio-4901.]

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TRACEY A. DEMATTIO | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DIRECTOR, OHIO DEPARTMENT, | : | |
| OF JOB & FAMILY SERVICES, et al., | : | |
| | : | |
| Defendants-Appellees | : | CASE NO. 11AP010004 |

 

 

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellant.

 

 

_____

_____

_____

JUDGES