RO–MAI INDUSTRIES, INC., Appellant,

v.

WEINBERG et al., Appellees.

[Cite as *Ro–Mai Industries, Inc. v. Weinberg,* 176 Ohio App.3d 151, 2008-Ohio-301.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 23792.

Decided Jan. 30, 2008.

152

Natalie F. Grubb and John S. Lobur, for appellant.

Marc Dann, Attorney General, and Laurel Blum Mazorow, Assistant Attorney General, for appellee.

BAIRD, Judge.

{¶ 1} Appellant, Ro–Mai Industries, Inc. ("Ro–Mai"), appeals from the judgment of the Summit County Court of Common Pleas, affirming the Unemployment Compensation Review Commission's decision to award unemployment benefits to its former employee. This court affirms.

## I

{¶ 2} Claimant-appellee Paul Weinberg began working at Ro–Mai on October 24, 2005. Twelve days later, Weinberg telephoned Ro–Mai's owner, Robert Maier, to notify him that he was quitting. On November 7, 2005, Weinberg filed a claim for unemployment benefits.

{¶ 3} The Ohio Department of Job and Family Services initially determined that Weinberg had quit Ro–Mai without just cause and subsequently affirmed its decision upon redetermination. Weinberg appealed that decision to the Unemployment Compensation Review Commission ("UCRC"), which held a hearing on May 12, 2006. Maier was unable to attend the hearing, so Weinberg's testimony was unopposed. On May 16, 2006, the hearing officer issued his decision reversing the redetermination decision and finding that Weinberg had quit Ro–Mai with just cause.

{¶ 4} Upon Ro–Mai's request for review, UCRC remanded the matter for an additional hearing so that both Weinberg and Maier could present evidence. On October 2, 2006, the hearing officer affirmed his previous decision. Ro–Mai then appealed to UCRC again, but it declined to review the decision a second time. Consequently, Ro–Mai appealed UCRC's decision to the Summit County Court of Common Pleas. That court reviewed the hearing officer's decision and affirmed. Ro–Mai has timely appealed the court's decision, raising one assignment of error for our review.

## II

### ASSIGNMENT OF ERROR

The trial court failed to consider evidence in the record when which was unreasonable or against the manifest weight of the evidence. [Sic.]

{¶ 5} Ro–Mai argues that the trial court erred in affirming UCRC's decision because it was against the manifest weight of the evidence. Specifically, Ro–Mai argues that Weinberg quit his employment without just cause. We disagree.

{¶ 6} We begin with a discussion of the applicable standard of review. This court "may only reverse an unemployment compensation eligibility decision by [UCRC] if the decision is unlawful, unreasonable, or against the manifest weight of the evidence." *Upton v. Rapid Mailing Servs.*, 9th Dist. No. 21714, 2004-Ohio-966, 2004 WL 384362, ¶ 9. When an appellate court reviews the common pleas court's review, it applies the same standard. *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Servs.* (1995), 73 Ohio St.3d 694, 696–697, 653 N.E.2d 1207. In such cases, this court is "required to focus on the decision of [UCRC], rather than that of the common pleas court." *Markovich v. Emps.*

*Unity, Inc.,* 9th Dist. No. 21826, 2004-Ohio-4193, 2004 WL 1778815, at ¶ 10, citing *Barilla v. Ohio Dept. of Job & Family Servs.,* 9th Dist. No. 02CA008012, 2002-Ohio-5425, 2002 WL 31255747, at ¶ 6.

{¶ 7} This court is required to focus on the decision of the UCRC, rather than that of the common pleas court, in unemployment compensation cases. *Barilla,* 2002-Ohio-5425, 2002 WL 31255747 at ¶ 6, citing *Tenny v. Oberlin College* (Dec. 27, 2000), 9th Dist. No. 00CA007661, 2000 WL 1875394. "Every reasonable presumption must be made in favor of the [decision] and the findings of facts [of the UCRC]." *Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 19, 526 N.E.2d 1350; see, also, *Long v. Hurles* (1996), 113 Ohio App.3d 228, 233, 680 N.E.2d 722 (stating that the appellate court is to begin with the presumption that the trial court's findings of fact are correct). "[I]f the evidence is susceptible of more than one construction, we must give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the trial court's verdict and judgment." *Karches,* 38 Ohio St.3d at 19, 526 N.E.2d 1350.

{¶ 8} The resolution of factual questions is chiefly within the UCRC's scope of review. *Tzangas,* 73 Ohio St.3d at 696, 653 N.E.2d 1207; *Irvine v. Unemp. Comp. Bd. of Review* (1985), 19 Ohio St.3d 15, 17, 19 OBR 12, 482 N.E.2d 587. The courts' role is to determine whether the decision of the UCRC is supported by evidence in the certified record. *Durgan v. Ohio Bur. of Emp. Servs.* (1996), 110 Ohio App.3d 545, 551, 674 N.E.2d 1208, citing *Tzangas,* 73 Ohio St.3d at 696, 653 N.E.2d 1207; *Irvine,* 19 Ohio St.3d at 18, 19 OBR 12, 482 N.E.2d 587, citing *Kilgore v. Bd. of Rev.* (1965), 2 Ohio App.2d 69, 71, 31 O.O.2d 108, 206 N.E.2d 423. If the reviewing court finds that that support is found, then the court cannot substitute its judgment for that of the UCRC. *Durgan,* 110 Ohio App.3d at 551, 674 N.E.2d 1208, citing *Wilson v. Unemp. Comp. Bd. of Rev.* (1984), 14 Ohio App.3d 309, 310, 14 OBR 374, 471 N.E.2d 168. "The fact that reasonable minds might reach different conclusions is not a basis for the reversal of the [UCRC's] decision." *Irvine,* 19 Ohio St.3d at 18, 19 OBR 12, 482 N.E.2d 587, citing *Craig v. Bur. of Unemp. Comp.* (1948), 83 Ohio App. 247, 260, 38 O.O. 356, 83 N.E.2d 628.

{¶ 9} A party is entitled to unemployment benefits if he or she quits with just cause or is terminated without just cause. R.C. 4141.29(D)(2)(a); *Upton v. Rapid Mailing Serv.,* 9th Dist. No. 21714, 2004-Ohio-966, 2004 WL 384362, at ¶ 13. Traditionally, in the statutory sense, "just cause" has been defined as " 'that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act.' " *Irvine,* 19 Ohio St.3d at 17, 19 OBR 12, 482 N.E.2d 587, quoting *Peyton v. Sun T.V.* (1975), 44 Ohio App.2d 10, 12, 73 O.O.2d 8, 335 N.E.2d 751. The determination of whether an employer had just cause to

terminate an employee is a factual question primarily within the province of UCRC, and one that reviewing courts are precluded from inquiring into during these administrative appeals. *Roberts v. Hayes,* 9th Dist. No. 21550, 2003-Ohio-5903, 2003 WL 22491362, at ¶ 20, citing *Durgan,* 110 Ohio App.3d at 551, 674 N.E.2d 1208.

{¶ 10} The hearing officer made the following findings of fact. Weinberg accepted a position at Ro–Mai after interviewing with Maier. Weinberg, who had extensive experience in sales, was told that his position at Ro–Mai would involve sales work and would require him to be at the office from approximately 8:00 a.m. to 5:00 p.m. After a few days of work, however, it became clear that Weinberg's actual duties differed from the job description that he received. He was not given any sales work, and he often worked well over the nine-hour shift that he was promised. Moreover, Weinberg discovered that Maier had a habit of yelling at the employees. Although Weinberg told Maier that he did not appreciate being treated in that manner, Maier continued to yell.

{¶ 11} On November 3, 2005, Weinberg informed Ro–Mai's head of human resources that he intended to quit. However, before Weinberg left the office, Maier sought him out, promised to stop yelling at him, and convinced him to stay. Weinberg returned to work the next day, and Maier resumed his habit of yelling at him. Accordingly, Weinberg quit the following day.

{¶ 12} The hearing officer determined that a reasonable person in Weinberg's position would have quit his employment. He noted that Ro–Mai had misrepresented Weinberg's job duties and the number of hours that he would be expected to work as a salaried employee. Further, the hearing officer placed much emphasis on the fact that Maier "continuously yelled at [Weinberg], despite [Weinberg's] attempts to stop such behavior * * * by talking to [Maier] and to human resources."

{¶ 13} Ro–Mai argues that Weinberg voluntarily quit because he did not want to work more than eight hours a day, as a salaried employee sometimes must do, and he did not enjoy the type of work that Ro–Mai assigned him. It further argues that Weinberg was overly sensitive to Maier's yelling, and that Maier's conduct had never caused any other employee to quit. Ro–Mai raised these arguments in front of the hearing officer, who had an opportunity to consider them. Maier admitted that he often yelled at his employees. During the hearing, he stated:

When I hired [Weinberg], I told him I'm probably the worst employer to ever work for * * *. I'm difficult. I expect a lot. And I warned him in advance that I'm very difficult. * * * [W]hen it comes to the business, * * * I can yell. I did yell.

Weinberg testified that when he complained to human resources about Maier's yelling, he was told: "[O]h, it[ ] gets worse. That's the way he is."

{¶ 14} Maier's yelling was not a single, isolated incident. Compare *Shackelford v. St. Thomas Hosp.* (Sept. 4, 1985), 9th Dist. No. 12084, 1985 WL 10837, at 2 (holding that an employee did not have just cause to quit based on one incident in which a supervisor yelled at her for half an hour). It was a repetitive problem that Weinberg unsuccessfully tried to address with Ro–Mai's human resources department prior to quitting. Weinberg even agreed to resume work the first time that he intended to quit because Maier asked him to stay and promised to stop yelling. He did not abandon his employment without warning or leave with utter disregard for the good of the business. See *Markovich*, 2004-Ohio-4193, 2004 WL 1778815, at ¶ 8 (noting that a concern for an employer's best interests is a factor courts look to when determining fault and just cause). Based on the evidence, we cannot conclude that the decision was unlawful, unreasonable, or against the manifest weight of the evidence. Accordingly, Ro–Mai's sole assignment of error is without merit.

### III

{¶ 15} Ro–Mai's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

MOORE, J., concurs.

SLABY, P.J., dissents.

SLABY, J., dissenting.

{¶ 16} I respectfully dissent. No other Ro–Mai employee quit because of the yelling. This, therefore, obviates the hearing officer's determination that a *reasonable person would quit in such a situation.* While it may be uncomfortable for an employee to have an employer yell at him or her, if we were to take the reasoning of the hearing officer to its ultimate conclusion, there would be reasonable ground for quitting just because one employee simply raised his voice at another. I would find being yelled at, as a matter of law, is not just cause to qualify for unemployment benefits. I would reverse and remand.

BAIRD, J., retired, of the Ninth District Court of Appeals, sitting by assignment.