[Cite as *Wade v. Ohio Dept. of Job & Family Servs.*, 2011-Ohio-2234.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| BRUCE A. WADE | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2010CA00099 |
| DIRECTOR OF THE OHIO<br>DEPARTMENT OF JOB AND FAMILY<br>SERVICES, ET AL. | O P I N I O N |
| Defendant-Appellants | |


CHARACTER OF PROCEEDING:          Appeal from the Stark County Court of
                                                            Common Pleas, Case No. 2009CV04986


JUDGMENT:                                        Reversed and Final Judgment Entered


DATE OF JUDGMENT ENTRY:          May 9, 2011


APPEARANCES:


For Plaintiff-Appellee                        For Defendant-Appellant


JAMES J. COLLUM                          DAVID T. ANDREWS
4774 Munson Street N.W., Suite 400   JERRY P. CLINE
Canton, Ohio 44718                          Andrews & Wyatt, LLC
                                                            561 Boston Mills Road, Suite 700
                                                            Hudson, Ohio 44236

*Hoffman, J.*

{¶1} Appellant Progressive Oldsmobile Cadillac, Inc. appeals the April 30, 2010 Judgment Entry entered by the Stark County Court of Common Pleas, which reversed the decision of the State of Ohio Unemployment Compensation Review Commission ("the Commission") disallowing Appellee Bruce A. Wade's application for unemployment compensation benefits.

STATEMENT OF THE FACTS AND CASE

{¶2} Progressive is an automobile dealership, which sells both new and used vehicles. Wade was employed by Progressive from May 1, 2000, to April 30, 2009, as a service advisor. On April 30, 2009, Wade met with service sales manager Gregory A. Smith and service manager Tim Chillik after Progressive had received a complaint from a customer about Wade. Wade received an employee warning report, which listed his violation as "unsatisfactory behavior towards employees or customers" and indicated the action taken was "warning". Wade subsequently cleared out his desk, turned in his keys, and left the dealership.

{¶3} On May 14, 2009, Wade applied for unemployment compensation benefits. Progressive contested the application. The Commission set the matter for a telephone hearing on November 13, 2009. The hearing officer issued his decision on November 24, 2009, denying Wade's request for unemployment benefits. The hearing officer specifically found Wade "quit without just cause in connection with his work". Wade's request for further review was denied. Wade filed a notice of appeal with the Stark County Court of Common Pleas on December 31, 2009. Via Judgment Entry filed

March 31, 2010, the trial court reversed the Commission's decision, finding such was against the manifest weight of the evidence.

{¶4} It is from this judgment Progressive appeals, raising the following assignment of error:

{¶5} "I. THE OHIO UNEMPLOYMENT COMPENSATION REVIEW COMMISSION'S DECISION WAS SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE AND WAS NOT UNLAWFUL, UNREASONABLE OR AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I

{¶6} An appeal of a decision rendered by the Commission is governed by R.C. 4141.282(H), which provides, in pertinent part: " * * * If the court finds that the decision is unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, such court shall affirm the decision of the commission."

{¶7} The scope of our review in unemployment compensation appeals is limited. S*ilkert v. Ohio Dept. Job & Family Servs.*, 184 Ohio App 3d. 78, 2009-Ohio-4399 ¶26. An appellate court may reverse the Commission's decision only if the decision is unlawful, unreasonable or against the manifest weight of the evidence. See, *Tzangas, Plakas & Mannos v. Administrator, Ohio Bureau of Employment Services,* 73 Ohio St.3d 694, 696, 1995-Ohio-206, 653 N.E.2d 1207, citing *Irvine v. Unemp. Comp. Bd. Of Review* (1985), 19 Ohio St.3d 15, 17-18, 482 N.E.2d 587. All reviewing courts, including common pleas, courts of appeals, and the Supreme Court of Ohio, have the same review power and cannot make factual findings or determine the credibility of the

witnesses. Rather, a reviewing court is required to make a determination as to whether the Commission's decision is supported by evidence on the record. Id. The hearing officer as the fact finder is in best position to judge the credibility of the witnesses. *Shaffer-Goggin v. Unemployment Compensation Review Commission,* Richland App. No. 03-CA-2, 2003-Ohio-6907, citing, *Hall v. American Brake Shoe Co.* (1968), 13 Ohio St.2d 11, 233 N.E.2d 582; *Brown-Brockmeyer Co. v. Roach,* (1947), 148 Ohio St. 511, 76 N.E.2d 79. "Every reasonable presumption must be made in favor of the [decision] and the findings of facts [of the Review Commission]." *Ro-Mai Industries, Inc. v. Weinberg,* 176 Ohio App.3d 151, 2008-Ohio-301, 891 N.E.2d 348 at ¶ 7, quoting *Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 19, 526 N.E.2d 1350. "[I]f the evidence is susceptible of more than one construction, we must give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the trial court's verdict and judgment." *Karches,* supra at 19.

{¶8} We note a judgment supported by some competent, credible evidence will not be reversed as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.

{¶9} In order to qualify for unemployment compensation benefits, a claimant must satisfy the criteria set forth in R.C. 4141.29(D)(2)(a). That section provides:

{¶10} "(D) * * * [N]o individual may * * * be paid benefits * * *:

{¶11} "(2) For the duration of the individual's unemployment if the director finds that:

{¶12} "(a) The individual quit his work without just cause or has been discharged for just cause in connection with the individual's work, * * *."

{¶13} The Ohio Supreme Court has defined "just cause" as that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act. *Irvine v. Unemp. Comp. Bd. of Review* (1985), 19 Ohio St.3d 15, 17, 482 N.E.2d 587; *Tzangas* at 697, 653 N.E.2d 1207.

{¶14} We find the basic facts are not in dispute. The question is, what logical conclusion can be drawn from the facts in the instant action?

{¶15} The hearing officer reasoned:

{¶16} "The evidence shows that clearly each of the parties had a misunderstanding of the other's position and the result was that the claimant was separated from employment. **The employer was giving the claimant a disciplinary warning, but not a discharge.** The claimant stated that he felt that he was being discharged and therefore he left. The employer testified that he never heard the claimant say he quit. The claimant testified that he never heard the employer say he was discharged. The testimony cannot be reconciled and both the employer and the claimant are found to be credible witnesses.[1] However, the claimant cleaned out his desk and left. Therefore, the Hearing Officer finds that the claimant quit without just cause in connection with work." (Emphasis in original.)

{¶17} We find the hearing officer's finding Wade quit his employment is supported by the record. The trial court chose to give more credibility to Wade's testimony he "felt" he was discharged. A reviewing court is not permitted to determine the credibility of the witnesses. We find the trial court did such herein. We find the

---

[1] While the employer may not have heard the claimant use the word "quit", the claimant's actions were consistent with quitting. The claimant admitted he never heard his employer say he was terminated. Unlike the hearing officer, we do not find the testimony irreconcilable.

hearing officer's initial determination is supported by some competent credible evidence and was not against the manifest weight of the evidence.

{¶18} Progressive's sole assignment of error is sustained.

{¶19} The judgment of the Stark County Court of Common Pleas is reversed and the original decision of the Commission is reinstated.

By: Hoffman, J.

Gwin, P.J. and

Delaney, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin _____
HON. W. SCOTT GWIN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


BRUCE A. WADE                                :
                                             :
    Plaintiff-Appellee               :
                                             :
-vs-                                         :            JUDGMENT ENTRY
                                             :
DIRECTOR OF THE OHIO                         :
DEPARTMENT OF JOB AND FAMILY                 :
SERVICES, ET AL.                             :
                                             :
    Defendant-Appellants             :            Case No. 2010CA00099


For the reasons stated in our accompanying Opinion, the judgment of the Stark County Court of Common Pleas is reversed and the original decision of the Commission is hereby reinstated.  Costs assessed to Appellee.



s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY