[Cite as *Fresh Mark, Inc. v. U.C. Review Comm.*, 2014-Ohio-1166.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| FRESH MARK, INC. | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2013CA00125 |
| | : | |
| U.C. REVIEW COMMISSION, ET AL. | : | |
| | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, General Division Case No. 2013CV00185 |
| | |
| JUDGMENT: | AFFIRMED |
| | |
| DATE OF JUDGMENT ENTRY: | March 17, 2014 |

APPEARANCES:

For Plaintiff-Appellant:

TOD T. MORROW
HANS A. NILGES
MORROW & MEYER, LLC
6269 Frank Ave. NW
North Canton, OH 44720

For Defendants-Appellees:

SUSAN M. SHEFFIELD
Assoc. Asst. Attorney General
20 West Federal St., 3rd Floor
Youngstown, OH 44503

RONALD G. MACALA
THOMAS J. GRIFFITH
MACALA & PIATT, LLC
601 South Main St.
North Canton, OH 44720

*Delaney, J.*

{¶1}   Plaintiff-Appellant Fresh Mark, Inc. appeals the May 31, 2013 judgment entry of the Stark County Court of Common Pleas. Defendants-Appellees are the Director, Ohio Department of Job and Family Services and Joseph V. Rainieri.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   On July 15, 2002, Defendant-Appellee Joseph V. Rainieri completed an application for employment with Plaintiff-Appellant Fresh Mark, Inc. The application asked the applicant, "[h]ave you ever been discharged by your employer?" Rainieri answered "no" to the question. The application requires the applicant to sign a statement that reads:

> I certify that the answers given herein are true and complete to the best of my knowledge. * * * In the event of employment, I understand that false or misleading information given in my application or interview(s) will result in refusal of employment or immediate dismissal when discovered. * * *

{¶3}   On the application, Rainieri listed his prior employer as Land O'Lakes, Inc. Rainieri's was previously employed as a maintenance mechanic with Land O'Lakes, Inc. In 2002, Land O'Lakes, Inc. discharged Rainieri from his employment based on his alleged sexual harassment of his co-workers. Rainieri arbitrated the discharge from his employment. When Rainieri applied for employment with Fresh Mark, his discharge from Land O'Lakes, Inc. was pending in arbitration and a final decision had not been rendered. On the Fresh Mark employment application, Rainieri listed his term of employment with Land O'Lakes, Inc. from May 5, 1986 to May 19, 2002. He stated his reason for leaving Land O'Lakes as, "want to make change."

{¶4} Fresh Mark hired Rainieri as a maintenance technician on October 28, 2002. During his employment with Fresh Mark, Rainieri received multiple disciplinary warnings, some resulting in suspensions from work. On April 2, 2012, Rainieri filed a complaint with the Occupational Safety and Health Administration regarding working conditions at Fresh Mark. In May 2012, Rainieri and his union representatives met with Fresh Mark officials to discuss Rainieri's future employment with Fresh Mark. Pursuant to these discussions, Fresh Mark reviewed Rainieri's personnel file. The director of human resources discovered in Rainieri's personnel file an August 2003 subpoena requesting Rainieri's employment records in connection with a court case entitled, *Rainieri v. Land O'Lakes, Inc.* The director conducted an internet search and discovered the 11th District Court of Appeals case, *Joseph V. Rainieri v. Land O'Lakes, Inc.*, 11th Dist. Portage No. 2005-P-0016, 2006-Ohio-1791. In that case, Rainieri appealed the grant of summary judgment in favor of Land O'Lakes, Inc. on Rainieri's claims of gender discrimination and defamation. The opinion stated Rainieri was discharged from Land O'Lakes on April 26, 2002.

{¶5} Rainieri went on FMLA leave from May 10, 2012 to July 9, 2012. Upon Rainieri's return from leave, Fresh Mark placed Rainieri on disciplinary suspension pending a hearing.

{¶6} On July 26, 2012, Fresh Mark discharged Rainieri from his employment for falsification on Rainieri's employment application. Fresh Mark stated Rainieri falsified his employment application when he answered "no" to the question of whether he had ever been discharged by an employer when Land O'Lakes discharged Rainieri on April 26, 2002.

{¶7}   Rainieri filed a claim for unemployment compensation and Fresh Mark contested Rainieri's application. After hearings, the Unemployment Compensation Review Commission ("UCRC") Hearing Officer issued her Decision on December 10, 2012. The Decision found Rainieri was discharged from his employment with Fresh Mark without just cause in connection with work. The Hearing Officer determined "that claimant's representation on his ten-year-old employment application was not material to his position with Fresh Mark, Inc., and that it was reasonable for the claimant to answer the question in such a way because his discharge was awaiting arbitration and had not yet become final."

{¶8}   Fresh Mark appealed to the UCRC. The UCRC affirmed the Decision on January 9, 2013.

{¶9}   Fresh Mark appealed the UCRC Decision to the Stark County Court of Common Pleas. On May 31, 2013, the trial court affirmed the Decision. It is from this judgment Fresh Mark now appeals.

### ASSIGNMENT OF ERROR

{¶10} Fresh Mark raises one Assignment of Error:

{¶11} "THE COURT OF COMMON PLEAS ERRED IN FINDING THAT THE U.C. REVIEW COMMISSION'S DECISION TO AWARD UNEMPLOYMENT BENEFITS WAS REASONABLE, LAWFUL AND SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE WHERE THE CLAIMANT FALSIFIED HIS EMPLOYMENT APPLICATION BY DENYING THAT HE HAD BEEN PREVIOUSLY DISCHARGED, GAVE INCORRECT DATES OF EMPLOYMENT AND GAVE A FALSE REASON FOR LEAVING HIS PREVIOUS EMPLOYER."

**ANALYSIS**

{¶12} Fresh Mark, in its sole Assignment of Error, argues the trial court erred in affirming the decision of the Unemployment Compensation Review Commission to find there was no just cause to discharge Rainieri and therefore, Rainieri was entitled to unemployment compensation benefits. We disagree.

{¶13} An appeal of a decision rendered by the Unemployment Compensation Review Commission is governed by R.C. 4141.282(H), which provides, in pertinent part: "* * * If the court finds that the decision is unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission."

{¶14} The appellate court has a limited standard of review in an unemployment compensation case. An appellate court may reverse a board's decision only if the decision is unlawful, unreasonable, or against the manifest weight of the evidence. *Bonanno v. Ohio Dept. of Job & Family Servs.*, 5th Dist. Tuscarawas No. 2012 AP 02 0011, 2012-Ohio-5167, ¶ 14 citing *Tzangas, Plakas, & Mannos v. Administrator, Ohio Bureau of Employment Services*, 73 Ohio St.3d 694, 695, 1995-Ohio-206, 653 N.E.2d 1207, citing *Irvine v. Unemp. Comp. Bd. of Review*, 19 Ohio St.3d 15, 17-18, 482 N.E.2d 587 (1985). An appellate court may not make factual findings or determine the credibility of the witnesses; rather, it is required to make a determination as to whether the board's decision is supported by the evidence on the record. *Id.* The hearing officer as fact finder is in the best position to judge the credibility of the witnesses. *Bonanno*, at ¶ 14 citing *Shaffer-Goggin v. Unemployment Compensation Review Commission*, 5th

Dist. Richland No. 03-CA-2, 2003-Ohio-6907, ¶ 26. We are required to focus on the decision of the commission, rather than that of the trial court. *Hartless v. Ohio Dept. of Job & Family Servs.*, 4th Dist. Pickaway No. 10CA27, 2011-Ohio-1374, ¶ 14 quoting *Klemencic v. Robinson Memorial Hosp.*, 9th Dist. Summit No. 25293, 2010-Ohio-5108, ¶ 7.

{¶15} A reviewing court is not permitted to make factual findings, determine the credibility of witnesses, or substitute its judgment for that of the commission. *Bonanno*, at ¶ 15. Where the commission might reasonably decide either way, the courts have no authority to upset the UCRC's decision. *Id.* citing *Irvine*, *supra* at 17-18. "'Every reasonable presumption must be made in favor of the [decision] and the findings of facts [of the Review Commission].'" *Bonanno*, at ¶ 15 citing *Ro-Mai Industries, Inc. v. Weinberg*, 176 Ohio App.3d 151, 2008-Ohio-301, 891 N.E.2d 348, ¶ 7 (9th Dist.), quoting *Karches v. Cincinnati*, 38 Ohio St.3d 12, 19, 526 N.E.2d 1350 (1988).

{¶16} In order to qualify for unemployment compensation benefits, a claimant must satisfy the criteria set forth in R.C. 4141.29(D)(2)(a). The section provides:

(D) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions:

(2) For the duration of the individual's unemployment if the director finds that:

(a) The individual quit work without just cause or has been discharged for just cause in connection with the individual's work, * * *.

An employee discharged from employment for just cause is ineligible to receive unemployment benefits.

{¶17} The Ohio Supreme Court has defined "just cause" as that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act. *Irvine, supra* at 17; *Tzangas, supra* at 697. The determination of whether just cause exists for an employee's dismissal under R.C. 4141.29 is based upon whether there was some fault on the part of the employee that led to the dismissal. *Tzangas, supra* at paragraph two of the syllabus. Not every fault or mistake, however, is grounds for termination. *Stark Area Regional Transit Auth v. Ohio Dept. of Job & Family Servs*., 187 Ohio App.3d 413, 2010-Ohio-2142, 932 N.E.2d 396, ¶ 21 (5th Dist.). "The determination of whether just cause exists depends upon the unique factual considerations of [each] particular case." *Irvine, supra* at 17. In determining whether just cause exists, the UCRC must consider whether granting benefits would serve the underlying purpose of employment compensation: providing financial assistance to individuals who become unemployed through no fault of their own. *Hartless, supra* at ¶ 15 citing *Tzangas, supra* at 697.

{¶18} In the case sub judice, Fresh Mark stated it discharged Rainieri for falsification of his employment application. The UCRC found Rainieri was discharged without just cause. The hearing officer determined it was reasonable for Rainieri to answer the application's question in the negative as to whether he had been discharged by a prior employer because his discharge from Land O'Lakes, Inc. was awaiting arbitration and had not yet become final. (Decision, Dec. 10, 2012).

{¶19} Reviewing the record under the constraints of our limited standard of review, we find the record supports the Hearing Officer's decision. The specific question on the employment application asked, "[h]ave you ever been *discharged* by your employer?" (Emphasis added.) There is no dispute that when Rainieri completed his employment application with Fresh Mark, he no longer worked for Land O'Lakes, Inc. The record shows Rainieri's understanding of the discharge process with Land O'Lakes, Inc. was such that Rainieri was not discharged at the time he completed the employment application. His discharge from Land O'Lakes, Inc. was not final and was pending in arbitration. (T. 19). Rainieri testified when he completed the employment application, he was not officially discharged from Land O'Lakes, Inc. because "in our contract it says that uh in our contract with Land O'Lakes that all final decisions will be made by an arbitrator and that decision was not final." (T. 18-19). Fresh Mark did not offer any evidence to contradict the status of Rainieri's discharge from Land O'Lakes, Inc. After Rainieri submitted his employment application to Fresh Mark, a Fresh Mark human resources employee spoke with Land O'Lakes, Inc. regarding Rainieri. In an email dated July 15, 2002, the human resources employee reported that Land O'Lakes, Inc. spoke highly of Rainieri as a mechanic. The email further stated, "[t]he only reason she could come up with for him leaving after 16 years was his dissatisfaction with the UAW union to which all Land O'Lakes employees belonged to and their most recent contract. Other comment was 'not much in his file' which is usually a positive thing." (Exhibit K).

{¶20} Fresh Mark argues this case is directly on point with our decision in *Stark Area Regional Transit Auth. v. Ohio Dept. of Job & Family Servs.*, 187 Ohio App.3d 413,

2010-Ohio-2142, 932 N.E.2d 396 (5th Dist.). In that case, an employee answered an employment questionnaire as to whether his spouse received or could receive health-insurance benefits from her employer. The form required the employee to certify the information and warned that the employee could be sanctioned, including termination of employment, for a false statement. The employee stated on the form that his spouse was ineligible for health benefits from her employer, when in fact the spouse had health insurance coverage available to her through her employer. *Id.* at ¶ 10. The human resources director researched the issue and determined the spouse was eligible for health insurance coverage through her employer. *Id.* at ¶ 10. The employee argued he was mistaken about his spouse's health coverage but he was discharged for falsification of the questionnaire. The UCRC determined the employee was terminated without just cause. *Id.* at ¶ 13. The trial court affirmed the decision. *Id.* at ¶ 14. On appeal, we reversed the decision and found the employee was terminated with just cause. We held that the sole purpose of the questionnaire was to determine the spouse's health insurance coverage, so the employee's mistake was significant to justify his termination. *Id.* at ¶ 23-24.

{¶21} The determination of "just cause" depends on the unique factual consideration of the particular case" and is therefore an issue for the trier of fact. *Irvine, supra* at 17. The facts of the present case are distinguishable from those in *Stark Area Regional Transit Authority*. In this case, the Hearing Officer did not determine Rainieri made a mistake on the employment application; she determined his answer that he had not been discharged was reasonable. The evidence showed that at the time of the employment application, Rainieri's discharge from Land O'Lakes, Inc. was awaiting

arbitration and was not yet final. The question on the employment application asked, "[h]ave you ever been discharged by your employer?" At the time of the employment application, Rainieri's answer to that question was "no." Unlike *Stark Area Regional Transit Authority* where there was evidence to show that the employee was mistaken as to the information he supplied on the questionnaire, in this case there is no such contradictory evidence. Based on our narrow scope of review, we cannot substitute our judgment for that of the fact finder.

{¶22} The Hearing Officer also determined Rainieri's representation on his ten-year-old application was not material to his position with Fresh Mark. (Decision, Dec. 10, 2012). Fresh Mark argues the UCRC erred in finding the falsification was not material because of the reasons underlying Rainieri's discharge from Land O'Lakes, Inc. The basis for Land O'Lakes, Inc.'s discharge of Rainieri was Rainieri's alleged sexual harassment of female co-workers. Fresh Mark contends the basis of Rainieri's discharge from Land O'Lakes, Inc. is material to Rainieri's employment because Fresh Mark has a legal and moral obligation to protect its employees from potential sexual harassment in the workplace. Fresh Mark argues that if it had known about the sexual harassment allegations, it would not have hired Rainieri. (T. 16). Falsification of an employment application to conceal prior sexual harassment allegations could provide support for just cause for discharge. In this case, however, the alleged sexual harassment is not relevant to the Hearing Officer's determination of just cause. The record shows no argument that Rainieri falsified his employment application to hide that he had been discharged based on allegations of sexual harassment. In this case, the issue presented was whether Rainieri falsified his employment application when he

answered "no" to the question of whether he had been discharged by a prior employer. The issue was not whether Rainieri falsified his employment application as to the basis for his discharge.

{¶23} Finally, Fresh Mark refers to Rainieri's disciplinary history as an additional basis for finding just cause. Fresh Mark's employee representative testified at the hearing the only reason for the discharge was the falsification of the employment application. (T. 15). While Rainieri's disciplinary history could have given the employer just cause to terminate the employee, it was not the basis for the discharge.

{¶24} Based on the foregoing, we find that the trial court did not err in affirming the decision of the UCRC. The Board's decision was not unlawful, unreasonable, or against the manifest weight of the evidence.

{¶25} The sole Assignment of Error of Fresh Mark, Inc. is overruled.

**CONCLUSION**

{¶26} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, P.J. and

Baldwin, J., concur.