[Cite as *Meinerding v. Coldwater Exempted Village School Dist. Bd. of Edn.*, 2019-Ohio-3611.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MERCER COUNTY

JILL MEINERDING,

    PLAINTIFF-APPELLANT,               CASE NO. 10-19-06

    v.

COLDWATER EXEMPTED VILLAGE
SCHOOL DISTRICT BOARD OF
EDUCATION, ET AL.,                  O P I N I O N

    DEFENDANTS-APPELLEES.


Appeal from Mercer County Common Pleas Court
Trial Court No. 18-CIV-102

Judgment Affirmed

Date of Decision:   September 9, 2019


APPEARANCES:

    *Edward J. Stechschulte* for Appellant

    *Eric A. Baum* for Appellee, Ohio Dept. of Job & Family Services

    *Jeremy J. Neff* for Appellee, Coldwater Exempted Village School
          District Board of Education

**SHAW, J.**

{¶1} Plaintiff-Appellant, Jill Meinerding ("Meinerding"), appeals the April 1, 2019 judgment of the Mercer County Court of Common Pleas affirming the decision of the Unemployment Compensation Review Commission ("Review Commission") disallowing her claim for unemployment benefits on the basis that she quit employment without just cause. On appeal, Meinerding maintains that the decision of the Review Commission is unlawful, unreasonable, and against the manifest weight of the evidence, and therefore the trial court erred when it affirmed the Review Commission's decision.

*Relevant Facts*

{¶2} Meinerding first became employed with the Coldwater Exempted Village School District Board of Education ("the District") in 1994 as a physical education teacher for the middle and high schools.

{¶3} On February 26, 2018, Meinerding was placed on paid administrative leave following an incident in her classroom on February 21, 2018, during which she was alleged to have been neglectful in her duties when two male students were involved in an altercation while under her supervision. The incident culminated in one student striking the other in the hallway. The District further claimed that Meinerding was insubordinate when she failed to properly inform the administration of the incident.

{¶4} On March 2, 2018, after an investigation of the incident, a meeting was held in the District Superintendent's office. Meinerding attended the meeting with representatives from the Ohio Education Association ("OEA") and the Coldwater Teachers' Organization ("CTO"). Meinerding was also made aware that the District would consider her discipline history which involved several incidents since 2012, including warnings about tardiness and the failure to follow instructions of her superiors, and a three-day suspension for carrying an elementary student upside down to his classroom.

{¶5} On March 8, 2018, a second meeting was held by the Superintendent. At this meeting, Meinerding was informed of the District's decision to move forward with termination of her contract. The District Treasurer sent a letter to Meinerding informing her that the recommendation of termination for good and just cause on the basis of "Neglect of Duty and Insubordination" would be submitted to the Board of Education at its next meeting.

{¶6} Thereafter, the record indicates that Meinerding and the District came to an agreement, whereby Meinerding agreed to resign. Specifically, in exchange for her resignation the District agreed to accept Meinerding's resignation without public comment and agreed to provide Meinerding "with a mutually-agreed favorable written employment reference drawn from her evaluations and no Administrator, Board member or agent of the Board will give a reference (verbally

Case No. 10-19-06

or in writing) that is inconsistent with or that adds information to said favorable written reference." (Director's File, Appeal of Notice of Determination of Initial Application for Unemployment Compensation Benefits, Ex. 2 "Employment Agreement").

*Procedural History*

{¶7} On April 17, 2018, Meinerding applied for unemployment compensation benefits with the Ohio Department of Job and Family Services, Office of Unemployment Compensation Benefits, ("ODJFS").

{¶8} On May 7, 2018, ODJFS disallowed Meinerding's application in its initial determination on the grounds of a disqualifying separation from employment—i.e., quitting without just cause, her inability to work for the period beginning on April 1, 2018, and her failure to actively seek suitable work.[1] Meinerding appealed the initial determination to the Director of the Office of Unemployment Insurance Operations.

{¶9} On June 11, 2018, the Director issued a redetermination, affirming the disallowance of Meinerding's application. Meinerding appealed the Director's redetermination and ODJFS transferred the case to the Unemployment Compensation Review Commission ("Review Commission").

---

[1] The record indicates that Meinerding had surgery on March 30, 2018, and was not released to return to work by her physician until May 11, 2018.

Case No. 10-19-06

{¶10} On July 17, 2018 and August 7, 2018, the case was heard by a Hearing Officer with the Review Commission. The District Superintendent and Meinerding testified at this hearing.

{¶11} On August 22, 2018, the Hearing Officer issued a decision disallowing Meinerding's application. Specifically, with respect to whether Meinerding had a qualifying separation from her employer in order to be eligible for unemployment compensation benefits, the Hearing Officer determined the following:

> **The facts establish that the employer did make the claimant aware of its intent to seek her removal from her teaching position. This act was not imminent. In fact, the claimant was adamant that if she would have pursued her appeal rights, she would not have been terminated from the board.**
>
> **After receiving this notification, the claimant had discussion with her family and her union and decided it was best to discontinue her employment with the school district. This was a voluntary act.**
>
> **Therefore, the Hearing Officer finds that the claimant resigned without just cause as the discharge was not imminent. The claimant had the ability to pursue the matter and eventually prevail allowing her to remain employed. She did not take this option.**
>
> **The Hearing Officer does find that the matters that resulted in the recommendation for termination were of a serious nature. Claimant did have misconduct in her dealings with students during her employment.**

(Dec. Aug. 22, 2018 at 5).

{¶12} The Hearing Officer also determined that Meinerding failed to demonstrate her eligibility for unemployment compensation benefits because she was unable to work and was not actively searching for suitable employment during the period for which she sought benefits. Meinerding filed a request for review, asking the Review Commission to reconsider the Hearing Officer's decision. On September 26, 2018, the Review Commission disallowed Meinerding's request for review.

{¶13} Meinerding appealed to the Mercer County Court of Common Pleas pursuant to R.C. 4141.282, which provides for an appellate process for review of a final decision of the Unemployment Compensation Review Commission. On appeal to the trial court, Meinerding challenged the Review Commission's determination that she did not have a qualifying separation from her employment with the District; specifically the Review Commission's conclusion that she quit employment without just cause.

{¶14} On April 1, 2019, the trial court issued a judgment entry finding that the record supported the Review Commission's decision. Specifically, the trial court concluded that:

> **Appellant makes three claims that address the three bases upon which the court could find that the unemployment compensation commission's decision should be reversed, vacated, or remanded to the commission for further consideration. Nothing in appellant's arguments or references to the record establish that the action of the commission was unlawful. Furthermore, given**

**the facts as presented, and specifically having heard from both the Superintendent, Mr. Wood, and the appellant-teacher, Ms. Meinerding, the commission's conclusions drawn from the facts presented to it do not appear to be unreasonable. Finally, the manifest weight of the evidence establishes that although there would have been just cause for the termination of Ms. Meinerding had the evidence been presented to the appellee Board of Education, because Ms. Meinerding negotiated an agreement for her termination prior to that anticipated action, she knowingly, voluntarily, and willingly decided to quit her employment as a teacher with the Coldwater Board of Education without just cause rather than defend herself in response to Mr. Wood's anticipated recommendation to terminate her from her employment for just cause.**

(Doc. No. 32 at 4).

**{¶15}** It is from this judgment entry of the trial court that Meinerding now appeals, asserting the following assignment of error.

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN HOLDING THAT THE UNEMPLOYMENT COMPENSATION REVISION COMMISSION'S SEPTEMBER 26, 2018 DECISION WAS NOT UNLAWFUL, UNREASONABLE OR AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

**{¶16}** In her sole assignment of error, Meinerding challenges the trial court's decision to affirm the Review Commission's determination that she is not entitled to unemployment compensation benefits because she quit employment without just cause.

*Standard of Review*

**{¶17}** Section 4141.282 of the Revised Code governs appeals from decisions of the Review Commission to the court of common pleas. The statute provides:

-7-

> **The court shall hear the appeal on the certified record provided by the commission. If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission.**

R.C. 4141.282(H).

{¶18} The common pleas court and this Court utilize the same, limited standard of review in unemployment compensation cases; specifically, reviewing courts may reverse just cause determinations only "if they are unlawful, unreasonable, or against the manifest weight of the evidence." *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Serv.*, 73 Ohio St.3d 694, 696 (1995). The focus of the analysis is on the Review Commission's decision rather than the decision of the common pleas court. *Perkins v. Ohio Dep't of Job & Family Servs.*, 10th Dist. Franklin No. 18AP-900, 2019-Ohio-2538, ¶ 11, citing *Carter v. Univ. of Toledo*, 6th Dist. No. L-07-1260, 2008-Ohio-1958, ¶ 12.

{¶19} Appellate courts are not permitted to make factual findings or to determine the credibility of the witnesses; but the reviewing court does have the duty to determine whether the Review Commission's decision is supported by the evidence in the record. *Tzangas*, *supra*, at 696. This leaves the Review Commission's role as factfinder intact. *Id.* Where the commission might reasonably decide either way, this Court has no authority to upset the Review Commission's decision. *Kelly v. Stark Cty. Commissioners*, 5th Dist. Stark No.

2017CA00148, 2018-Ohio-950, ¶ 17; *Williams v. Ohio Dept. of Job & Family Servs.*, 129 Ohio St.3d 332, 2011-Ohio-2897. "Every reasonable presumption must be in favor of the [decision] and the findings of facts [of the Review Commission]." *Ro-Mai Industries v. Weinberg*, 176 Ohio App.3d 151, 2008-Ohio-301, citing *Karches v. Cincinnati*, 38 Ohio St.3d 12, 19 (1988). The procedure for administrative appeals from Review Commission decisions contemplates that reviewing courts will " 'leave undisturbed the [Review Commission's] decision on close questions.' " *Irvine v. Unemp. Comp. Bd. of Review*, 19 Ohio St.3d 15, 18 (1985), quoting *Charles Livingstone & Sons, Inc. v. Constance*, 115 Ohio App. 437, 438 (7th Dist.1961).

### *Relevant Legal Authority*

**{¶20}** Under R.C. 4141.29(D)(2)(a), no individual who has "quit work without just cause or has been discharged for just cause in connection with the individual's work" may receive unemployment compensation. The word "quit," for purposes of unemployment compensation, connotes a voluntary act of the employee not controlled by the employer. *Watts v. Cmty. Health Ctrs. of Greater Dayton*, 12th Dist. Warren No. CA2015-07-068, 2015-Ohio-5314, ¶ 15, citing *Caudill v. Ashland Oil Co.*, 9 Ohio Misc.2d 16, 17 (Clermont C.P.1983). "Just cause" is "that which, to an ordinarily intelligent person, is a justifiable reason for doing or not

doing a particular act." S*hephard v. Ohio Dept. of Job & Family Servs.*, 166 Ohio App.3d 747, 2006-Ohio-2313, ¶ 19 (8th Dist.).

**{¶21}** An analysis of just cause must also consider the policy behind the Unemployment Compensation Act, which was intended to provide financial assistance to individuals who become unemployed through no fault of their own. *Tzangas*, *supra*, at 697. Accordingly, "fault" on an employee's part is an essential component of a just cause termination. *Id*. at paragraph two of the syllabus. The determination of whether an unemployment compensation claimant had just cause to quit his or her job depends on the unique factual considerations of a particular case and is, therefore, primarily an issue for the trier of fact. *Irvine*, *supra*, at 18.

*Testimony before the Review Commission Hearing Officer*

**{¶22}** Superintendent Jason Wood testified that after Meinerding was placed on paid administrative leave, following the February 21, 2018 incident, he conducted a meeting in his office on March 2, 2018 with Meinerding and Union representatives. At that time, Superintendent Wood presented the surveillance footage from Meinerding's classroom, which depicted her leaving her students unattended at least twenty times during the class period. Meinerding was given an opportunity to present her side.

**{¶23}** Superintendent Wood testified that another meeting was conducted on March 8, 2018. During this meeting, Meinerding was informed in writing of the

District's intention to recommend termination of her contract to the Board of Education. Superintendent Wood explained that he did not have the authority to terminate Meinerding's contract. Instead, the Board's approval by vote was required. He recalled that the date of the board meeting to consider this recommendation had not yet been scheduled, and was in fact never held because Meinerding resigned from her position before the board meeting could take place. Superintendent Wood explained Meinerding's resignation halted the termination process before it could be considered by the Board.

{¶24} Meinerding also testified at the hearing. She recalled the meetings in Superintendent Wood's office and expressed her opinion that she believed the District's recommendation to terminate her contract was based upon "false evidence." (Tr. II at 55). Meinerding also discussed the negotiated separation agreement which resulted in her decision to resign instead of having a termination on her record. She acknowledged that the Board had not yet taken action on moving forward with terminating her contact. (Tr. II at 55). She further recognized that she was statutorily entitled to due process to challenge the recommendation for termination, which included the right to present her case to either the Board or a referee. She explained that she believed the statutory procedure would take a "long time," and based on financial considerations and the availability of insurance she decided it would be best for her family to resign. Specifically, she stated "I know

that fighting this would be long and drawn out and it would mean also that they would drop my insurance. It also meant that there was a possibility they would take away the pay that was owed to me." (Tr. II at 75). "I would love to have fought it, but couldn't." (Tr. II at 56).

*The Decision is not Unlawful nor Unreasonable*

{¶25} On appeal, Meinerding claims that the Review Commission's decision to disallow her application for unemployment compensation benefits is both unlawful and unreasonable because it creates an additional requirement, outside of the standards set forth in Chapter 4141, that her termination must be "imminent" in order for her to quit employment with just cause. Meinerding also argues that the decision of the Review Commission improperly found that her termination was not "imminent" because she elected not to participate in the statutory due process in place for teachers facing termination under R.C. 3319.16. *See* R.C. 3319.16 (setting forth the procedure for termination of contract by a board of education).

{¶26} A review of the record makes it apparent that Meinerding misconstrues the Review Commission's discussion of the timing of her resignation in its decision. The Review Commission's reference to Meinerding's resignation within the context of R.C. 3319.16 was merely a factual circumstance used in determining the voluntary nature of her resignation. In other words, the Review Commission determined that Meinerding's discharge was not as inevitable as she

contended based, in part, on evidence in the record regarding the timing of her resignation, the negotiation with the District for favorable terms of her resignation, and her decision not to challenge the basis for the District's recommendation to terminate her contract. The record is clear that the Review Commission found that these factual considerations negated Meinerding's assertion that her decision to quit was involuntary because she faced an alleged ultimatum and had no choice but to resign.

{¶27} Accordingly, we are not persuaded by Meinerding's assertion that the Review Commission imposed an improper legal standard in upholding the disallowance of her application for unemployment compensation benefits. As such, we conclude that Meinerding has failed to demonstrate that the Review Commission's and the trial court's decisions were unlawful and unreasonable on this basis.

*The Decision is not Against Manifest Weight of the Evidence*

{¶28} Alternatively, Meinerding asserts even if we do not find that the Review Commission's decision is unlawful or unreasonable, she nevertheless maintains the Review Commission's conclusion that she quit without just cause is against the manifest weight of the evidence. In considering whether a judgment is against the manifest weight of the evidence in civil or criminal cases, a reviewing court must "weigh the evidence and all reasonable inferences, consider the

credibility of witnesses, and determine whether in resolving conflicts in the evidence, the finder of fact 'clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.' " *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 20.

{¶29} In support of this assertion, Meinerding relies heavily upon the case *Robb v. Director*, 11th Dist. Lake No. 2002-L-060, 2003-Ohio-6972. In *Robb*, the employee was found to have quit with just cause when his employer called him into the office and told him that he would be fired if he did not resign. *Id.* at ¶ 21. The court in *Robb* noted that the employee's testimony before the Review Commission indicated that "he was very nervous about being called in and that he was worried that he would be fired. These emotions are not consistent with an employee who is planning to voluntarily resign." *Id.* Ultimately, the court in *Robb* concluded that the employee's decision to resign was not voluntary because he was given no option but to quit. *Id.* at ¶ 22.

{¶30} Here, there is evidence in the record to support the Review Commission's determination that Meinerding's decision to resign was voluntary. Meinerding testified that even though she believed the District's recommendation to terminate her contract was based upon "false evidence," and that she would be successful in defending her employment, she nevertheless felt that the prudent course of action was to resign before the Board could vote on the District's

recommendation, which would initiate a "long and drawn out" process. Meinerding's opportunity to weigh the consequences of her resignation and the availability of a statutory due process procedure, if she chose to challenge her termination had it been pursued by the school board, both suggest that she was not under the same coercive pressure to resign as the employee in *Robb*.

{¶31} We recognize that there is some evidence in the record to support Meinerding's position that she quit with just cause. Most notably, there is some indication in the documentation contained in the Director's file that lends credibility to Meinerding's claim that her termination was forthcoming and inevitable, despite the fact that the Board had not yet taken official action to proceed with the termination of her contract. However, the weight of the evidence in favor of Meinerding's claim that she quit with just cause, when compared to the weight of the evidence in favor of the Review Commission's finding that she quit without just cause, does not compel us to conclude that the Review Commission, as finder of fact in this case, "clearly lost its way and created such a manifest miscarriage of justice" that its decision must be reversed and a new proceeding ordered. *Eastley*, *supra*, 2012-Ohio-2179 at ¶ 20. On this basis, we conclude that the decision of the Review Commission is not against the manifest weight of the evidence and that the trial court did not err in affirming the decision to disallow Meinerding's application for unemployment compensation benefits.

**{¶32}** For all these reasons, we overrule the assignment of error and affirm the judgment of the trial court.

*Judgment Affirmed*

**ZIMMERMAN, P.J. and PRESTON, J., concur.**

**/jlr**