[Cite as *Courtesy Ambulance, Inc. v. Damschroder*, 2023-Ohio-421.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| COURTESY AMBULANCE, INC. | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Appellant | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2022 CA 00090 |
| MATTHEW DAMSCHRODER,<br>DIRECTOR, ODJFS, et al., | |
| Appellees | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Licking County Court of Common Pleas, Case No. 22 CV 00207 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | February 10, 2023 |
| APPEARANCES: | |

| | |
|---|---|
| For Appellant | For Appellees |
| MICHAEL SOTO<br>M. Soto Law Office, LLC<br>570 North State Street – Suite #220<br>Westerville, Ohio 43082 | DAVE YOST<br>Ohio Attorney General<br><br>DAVID E. LEFTON<br>Principal Assistant Attorney General<br>Health and Human Services Section<br>Unemployment Compensation Unit<br>30 East Broad Street – 26th Floor<br>Columbus, Ohio 43215 |

*Hoffman, P.J.*

**{¶1}** Appellant Courtesy Ambulance, Inc. appeals the judgment entered by the Licking County Common Pleas Court affirming the decision of the Unemployment Compensation Review Commission finding Brandon Unger was entitled to unemployment compensation after he was terminated from his employment with Appellant without just cause. Appellee is Matthew Damschroder, Director of the Ohio Department of Job and Family Services (hereinafter "ODJFS"), et al.

STATEMENT OF THE FACTS AND CASE

**{¶2}** Brandon Unger was employed by Appellant beginning on July 21, 2010. On January 14, 2021, Unger left work, feeling ill. Unger tested positive for Covid-19 the following day, and spent the next month in and out of the hospital for complications from the disease. Appellant contacted Unger during one of his hospital stays, but Appellant was incoherent. Appellant removed Unger from its payroll on February 1, 2021.

**{¶3}** Unger applied for unemployment compensation on May 17, 2021. His application was initially denied, and he appealed the denial. On July 7, 2021, the director of ODJFS issued a redetermination, finding Unger met the requirements of R.C. 4141.29(A)(4), and his application for benefits was allowed.

**{¶4}** Appellant filed an appeal from this redetermination. ODJFS transferred jurisdiction to the Unemployment Compensation Review Committee. On January 26, 2022, a telephone hearing was held before a hearing officer. Following the hearing, the hearing officer found Unger was unable to work due to circumstances beyond his control, namely, complications from Covid-19. The hearing officer found Unger was discharged by Appellant without just cause, and was therefore entitled to benefits.

**{¶5}** Appellant filed a request for review of the hearing officer's decision by the Unemployment Review Commission. The Commission disallowed the request.

**{¶6}** Appellant then appealed to the Licking County Common Pleas Court. The trial court affirmed the decision of the hearing officer finding Unger was entitled to unemployment benefits.

**{¶7}** It is from the September 26, 2022 judgment of the trial court Appellant prosecutes its appeal, assigning as error:

I. THE TRIAL COURT ERRED IN CONCLUDING SOME COMPETENT CREDIBLE EVIDENCE IN THE RECORD EXISTS TO SUPPORT UNGER'S BURDEN UNDER R.C. 4141.29(A)(4)(a).

II. THE TRIAL COURT ERRED IN AFFIRMING ODJFS'S CONCLUSION THAT COURTESY DISCHARGED UNGER WITHOUT JUST CAUSE IN CONNECTION WITH WORK.

**{¶8}** This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

(E) Determination and judgment on appeal.

The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published in any form.

{¶9} This appeal shall be considered in accordance with the aforementioned rule.

I.

{¶10} In its first assignment of error, Appellant argues the trial court exceeded its scope of review in finding Unger looked for work as required by R.C. 4141.29(A)(4)(a) because the hearing officer did not make a finding on this issue, and further Unger's statement he searched for work per the order is not credible.

{¶11} The applicable standard of review a court must implement in reviewing a decision of the Unemployment Compensation Review Commission is whether the Board's decision is unlawful, unreasonable, or against the manifest weight of the evidence. *E.g., Brown-Brockmeyer Co. v. Roach*, 148 Ohio St. 511, 518, 76 N.E.2d 79 (1947). There is no distinction between the scope of review of trial courts and appellate courts on appeals from the Unemployment Compensation Review Commission. *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Serv.*, 73 Ohio St.3d 694, 696, 653 N.E.2d 1207, 1210 (1995).

{¶12} A reviewing court is not permitted to make factual findings, determine the credibility of witnesses, or substitute its judgment for that of the commission. *Bonanno v. Ohio Dept. of Job & Family Servs.*, 5th Dist. Tuscarawas No. 2012 AP 02 0011, 2012-Ohio-5167, 2012 WL 5439043, ¶ 15. Where the commission might reasonably decide either way, the courts have no authority to upset the Unemployment Compensation

Review Commission's decision. *Id.* "'Every reasonable presumption must be made in favor of the [decision] and the findings of facts [of the Review Commission].'" *Id., citing Ro–Mai Industries, Inc. v. Weinberg,* 176 Ohio App.3d 151, 2008-Ohio-301, 891 N.E.2d 348, ¶ 7 (9th Dist.), *quoting Karches v. Cincinnati*, 38 Ohio St.3d 12, 19, 526 N.E.2d 1350 (1988). This Court is required to focus on the decision of the commission, rather than the decision of the trial court. *Grier, supra* at ¶23.

{¶13} The trial court held, "The record contains Unger's assertions that he searched for work 'per the order.' (Cert. Rec. 4). The hearing officer was permitted to believe him." While Appellant is correct the hearing officer did not specifically find Unger's representation he looked for work to be credible, the only issue before the hearing officer was whether Unger was discharged for just cause. Appellant did not challenge Unger's representation he looked for work as required by law, but rather solely argued he was discharged for just cause, and/or he had a job available with Appellant if he chose to return. We find the trial court did not exceed its scope of authority.

{¶14} By finding Unger qualified for benefits, the hearing officer impliedly found he met the requirements concerning looking for work. We find Unger's unchallenged representation he complied with the order regarding looking for work is competent, credible evidence supporting a finding Unger complied with R.C. 4141.29(A)(4)(a).

{¶15} The first assignment of error is overruled.

II.

{¶16} In its second assignment of error, Appellant argues the trial court erred in affirming the finding of the Unemployment Review Commission Unger was discharged without just cause.[1]

{¶17} The Ohio Supreme Court has defined "just cause" as that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act. *Tzangas, Plakas & Mannos v. Administrator, Ohio Bureau of Employment Services,* 73 Ohio St.3d 694, 697, 1995–Ohio–206, 653 N.E.2d 1207. The determination of whether just cause exists for an employee's dismissal under R.C. 4141.29 is based upon whether there was some fault on the part of the employee that led to the dismissal. *Id.* at paragraph two of the syllabus. "Just cause" does not typically require intentional action, and the determination of just cause depends upon the "unique factual considerations of the particular case" and is therefore an issue for the trier of fact. *Irvine v. Unemp. Comp. Bd. Of Review*, 19 Ohio St.3d 15, 17, 482 N.E.2d 587 (1985).

{¶18} The trial court affirmed the finding of the hearing officer Unger was discharged without just cause:

Here, Unger became ill such that he could not perform his ordinary work. Nothing about such a state of affairs suggests that Unger was in any sense responsible for his own predicament and was thus at fault for the

---

[1] At the same time, Appellant appears to argue Unger was not "discharged" from work, but rather was removed from the payroll for insurance reasons, and could return at any time. We find this argument was not raised in the trial court, and further conflicts with Appellant's argument it discharged Unger for just cause. The record affirmatively demonstrates Unger was removed from his employment on February 1, 2021.

circumstances that led to his termination. Further, to the extent that Appellant argues that it was error to attribute Unger's inability to work to Covid-19 because to do so requires medical expertise beyond that of a layperson, this argument is unavailing. As the Court has noted, the rules of evidence are not strictly applied in proceedings related to unemployment compensation. *Taralla* at ¶¶12-14. *See also* R.C. 4141.281(C)(2). Rather, the hearing officer is given broad discretion to consider evidence and develop a full record of the proceeding. R.C. 4141.281(C)(2).

**{¶19}** Judgment entry, 9/26/22, p. 6-7.

**{¶20}** For the reasons stated by the trial court, we find the hearing officer's determination Unger was not discharged for just cause is supported by the record.

**{¶21}** The second assignment of error is overruled.

**{¶22}** The judgment of the Licking County Common Pleas Court is affirmed.

By: Hoffman, P.J.

Wise, J. and

Baldwin, J. concur